UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>MAYRA ORTUNO-ROCHA<br><br>    Defendant-Petititioner. | Civil No. 05-CV-890-L<br>Criminal No. 03-CR-3384-L<br><br>**ORDER DISMISSING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255** |

Defendant, a prisoner in federal custody proceeding *pro se*, filed a motion pursuant to 28 U.S.C. Section 2255 to vacate, set aside or correct sentence ("petition") following her guilty plea and sentencing in Criminal Case No. 03-CR-3384-L. Defendant was represented by counsel throughout her criminal case.

On December 16, 2003, defendant was arraigned on a one-count Information changing her with importation of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 952 and 960, and 18 U.S.C. § 2. On January 12, 2004, defendant entered a guilty plea to the charge in the Information. On April 12, 2004, defendant was sentenced to 37 months in custody to be followed by five years of supervised release. Defendant did not file a direct appeal.

Defendant attacks her sentence contending that she is entitled to a downward departure or that her sentence must be vacated because of *United States v. Booker*, 125 S. Ct. 738 (2005) which held the federal sentencing guidelines must be advisory rather than mandatory. In order

to determine that defendant's position is applicable, *Booker* must apply retroactively.  It does not.  imposed following the revocation of his supervised release contending that 18 U.S.C. § 3583 in facially unconstitutional.

The government argues that the § 2255 motion must be dismissed because defendant waived her right to collaterally attack her sentence.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The government contends defendant has waived his right to collaterally attack his sentence because of the written plea agreement.  The plea agreement provides:

> In exchange for the United States' concessions in this plea agreement, Defendant waives to the full extent of the law, any right to appeal or **to collaterally attack** the conviction and sentence, including any restitution order, unless the Court imposes a sentence in excess of the high end of the guideline range based on an adjusted level of 11[1]. . . .

(Plea Agreement at 9 [doc. #15]).

The Court has independently reviewed the record which indicates that the plea agreement, including the waiver of the right to appeal, was entered knowingly and voluntarily, *see United States v. Aguilar-Muniz,* 156 F.3d 974, 976 (9th Cir. 1998) (waiver of right to appeal is valid if knowing and voluntary).  The Court also finds that petitioner's motion raises no challenge to the validity of the waiver; therefore, the Court lacks jurisdiction to consider any collateral challenge to his sentence.  *See Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005)(recognizing that if sentencing agreement's waiver for the right to file a federal habeas petition is valid, district court lacks jurisdiction to hear the case).

### Retroactivity of *Booker*

In *Booker,* the Court explicitly changed both the sentencing statutes and Sentencing Guidelines.  *United States v. Booker*, 543 U.S. 220 (2005).  The Court  modified the federal sentencing statute by severing and excising 18 U.S.C. § 3553(b)(1), "the provision of the federal sentencing statute that makes the Guidelines mandatory." *Id.*, at 245.

---

[1] The sentence imposed was consistent with the plea agreement's stipulations regarding the sentencing guidelines.  Moreover, defendant did not contest the allegations that he violated supervised release.

There is no doubt that the Supreme Court's decision in Booker "marked a major transformation in the law of federal criminal sentencing." *United States v. Mohamed*, 459 F.3d 979, 984 (9th Cir. 2006). The Ninth Circuit has held that *Booker* does not operate retroactively, and "does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication." *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005). Defendant's conviction here was the year prior to the Supreme Court's decision in *Booker.* Accordingly, defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2), and not entitled to any relief under *Booker.*

Further, the Court cannot modify petitioners' sentences under 18 U.S.C. § 3582()(2). Section 3582(c)(2) allows the district court to modify a sentence where the applicable sentencing range has been lowered by the Sentencing Commission subsequent to the imposition of the sentence. *Booker* did not lower sentencing ranges, nor was *Booker* an action "by the Sentencing Commission"; therefore § 3582(c)(2), by its own terms, does not apply here. *See United States v. Moreno,* 421 F.3d 1217, 1220-21 (11th Cir.2005).

## Conclusion

Petitioner waived her right to collaterally attack her sentence. Moreover, even if the Court found she had not waived her right to collaterally attack her sentence, *Booker* is not applicable here and defendant is not entitled to any relief.

Based on the foregoing, **IT IS ORDERED** dismissing petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

DATED: January 26, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

ALL PARTIES/COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28